IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| In re: | ) | |
| **MYRICK POWERS and** | ) | |
| **ELVIE OWENS-POWERS** | ) | |
| | ) | |
| Debtors, | ) | |
| | ) | |
| | ) | |
| **JOHN H. GERMERAAD, Trustee,** | ) | District Court |
| Appellant, | ) | No. 14-03128 |
| | ) | |
| vs. | ) | Appeal from: |
| | ) | Bankruptcy Case |
| | ) | No. 10-71700 |
| **MYRICK POWERS and** | ) | |
| **ELVIE OWENS-POWERS,** | ) | Honorable Mary P. |
| Debtors, | ) | Gorman |
| | ) | |
| Appellees. | ) | |

## OPINION

**SUE E. MYERSCOUGH, U.S. District Judge:**

Following Debtor Elvie Owens-Powers's promotion and transfer to a higher paying job, the Trustee, John Germeraad, filed a motion to modify the confirmed Chapter 13 plan to which Owens-Powers and fellow Debtor Myrick Powers were subject. The Debtors opposed the motion. The bankruptcy court denied the motion, and the Trustee appealed. Because the bankruptcy court did not err as a matter of

law discretion in denying the Trustee's motion to modify the Chapter 13 plan, the decision of the bankruptcy court is AFFIRMED.

## I.    BACKGROUND

Chapter 13 bankruptcy adjusts the debt of "an individual with regular income." In re Witkowski, 16 F.3d 739, 740 (7th Cir. 1994) (quoting 11 U.S.C. § 109(e)). It allows a debtor to keep his assets, while requiring him to use his future income to pay his creditors. Id.

The Debtors here, Myrick Powers and Elvie Owens-Powers, filed their petition for Chapter 13 bankruptcy in May 2010. In March 2011, the bankruptcy court confirmed the Debtors' First Amended Chapter 13 Plan. The Plan provided that the Debtors would pay $660 per month to the Trustee initially, rising to $758 per month after 7 months. In May 2012, the Debtors filed a motion to modify their payment plan, and the bankruptcy court lowered the monthly payment from $758 per month to $670 per month. From all of these payments, the Trustee was to pay the claims of several unsecured creditors.

In June 2013, the Trustee filed a motion to modify the payment plan. The Trustee claimed that the Debtors' 2012 income tax return

had disclosed a $50,000 increase in income compared to the income shown on their 2011 return.  The Trustee calculated that the Debtors had a net increase in income of $2,984.92 per month.  The Trustee proposed that the Debtors raise their payments by $746 per month.

The Debtors objected.  They presented various reasons why their payments should not be raised, among them that the Debtors were divorcing and faced increased expenses as a result.

The bankruptcy court denied the Trustee's motion, finding: (1) that the statute that provides the method for calculating disposable income, 11 U.S.C. § 1325(b), does not apply to plan modifications under 11 U.S.C. § 1329; (2) that plan modifications under Section 1329 must be based on statutory authority, and that there was none in this instance; (3) that no other provision in the bankruptcy code supported the Trustee's motion; and (4) that the Trustee did not establish a factual basis for relief in any event.

On appeal, the Trustee argues that: (1) the bankruptcy court erred when it found it lacked legal authority to grant the Trustee's requested modification; (2) the bankruptcy court clearly erred in its

evaluation of the Debtors' financial circumstances; and (3) the bankruptcy court abused its discretion when it denied the Trustee's motion to modify the Debtors' Chapter 13 plan.

## II.     JURISDICTION

The Court has appellate jurisdiction over this matter pursuant to 28 U.S.C. § 158 (providing that district courts have jurisdiction to hear an appeal from a final judgment, order, or decree).

## III.     STANDARD OF REVIEW

District courts review a bankruptcy court's factual findings for clear error and its conclusions of law de novo.  Freeland v. Enodis Corp., 540 F.3d 721, 729 (7th Cir. 2008).  District courts review a bankruptcy court's decision to grant or deny a motion to modify a debtor's Chapter 13 plan for an abuse of discretion.  In re Witkowski, 16 F.3d 739, 746 (7th Cir. 1994).

## IV.     ANALYSIS

**A. The bankruptcy court did not err as a matter of law when it found it lacked legal authority to grant the Trustee's motion.**

Confirmation of Chapter 13 bankruptcy plans is governed by 11 U.S.C. § 1325.  In particular, Section 1325(b) governs the

calculation of a debtor's "disposable income" for the purpose of analyzing an objection to a plan's confirmation.

Modification of confirmed plans, on the other hand, is governed by 11 U.S.C § 1329. See 11 U.S.C. § 1329(a)(1) ("At any time after confirmation … the plan may be modified, upon request of … the trustee … to … increase or reduce the amount of payments …").

Here, the Trustee sought to modify the Debtors' plan by bringing a motion to modify pursuant to Section 1329. The Trustee sought, in particular, to increase the Debtors' monthly payments due to the Debtors' increased income.

In denying the Trustee's motion, the bankruptcy court found that, although the Trustee denied that he was "seeking to recalculate [the Debtors'] disposable income," his motion did "in fact" request such a recalculation. (Opinion, d/e 1 at 162.) The bankruptcy court explained that disposable income may not be recalculated pursuant to a Section 1329 motion to modify, because Section 1329 does not specifically mention the Section that governs disposable income calculation: Section 1325(b). Having concluded that a Section 1325(b) disposable income calculation was not proper under

a Section 1329 motion to modify, the bankruptcy court denied the motion.  (See id. at 167.)

On appeal, the Trustee argues that the bankruptcy court erred as a matter of law when it found that it lacked legal authority to grant the Trustee's motion.  This Court disagrees.

Section 1329(a) provides that plans may be modified after confirmation for a variety of purposes.  Section 1329(b) further provides that a number of other sections of the bankruptcy code apply to modification.  Indeed, Section 1329(b) explicitly states that Sections 1322(a), 1322(b), 1323(c), and 1325(a) "apply to any modification" under Section 1329(a).

Notably absent from the list of sections that apply to Section 1329(a) modification is Section 1325(b).  Section 1325(b) provides the method of calculating disposable income for the purpose of plan confirmation.  As the bankruptcy court noted, "the express language of § 1325(b) limits its applicability to plan confirmation."  (Opinion, d/e 1 at 164.)  This, combined with the fact that "the express language of § 1329(b)(1) … does not include §1325(b)," led the bankruptcy court to conclude correctly that "proposed plan

modifications are not analyzed under a disposable income test." (Opinion, d/e 1 at 165.)

The bankruptcy court then addressed the Trustee's argument that no statutory authority beyond § 1329(a) is required for plan modification.  The Trustee relied in large part on the Seventh Circuit's pronouncement that there is no threshold amount of changed circumstances required to bring a motion to modify.  In re Witkowski, 16 F.3d 739, 746 (7th Cir. 1994).  But, the bankruptcy court noted, under Witkowski, modifications are only allowed if they comply with "the specific provisions enumerated in §1329(b)"—of which Section 1325(b) is not one.  (Opinion, d/e 1 at 167.)  Further, the bankruptcy court observed, allowing modification without applying the requirements of Section 1325(b) would allow trustees to do an "end-run" around Section 1325(b)'s constraining standards for calculating disposable income, simply by waiting until after a plan is confirmed before filing a motion to modify the payment plan. (Opinion, d/e 1 at 169.)

The Trustee cites several cases from outside of the Seventh Circuit in which courts have held that a confirmed Chapter 13 plan

may be modified when the debtor experiences an increase in income. But this Court remains controlled by the Seventh Circuit's opinion in In re Witkowski, 16 F.3d 739 (7th Cir. 1994).  There, the Seventh Circuit echoed Section 1329(b)'s plain language when it emphasized that modification "is only available if §§ 1322(a), 1322(b), 1325(a), and 1323(c) of the bankruptcy code are met."  Id. at 745.  A recalculation of disposable income under Section 1325(b) is simply not available in a motion to modify under Section 1329.

In sum, the bankruptcy court did not err as a matter of law when it found that it lacked authority to grant the Trustee's motion to modify the Debtors' payment plan.  Because of this, the Court need not consider whether the bankruptcy court clearly erred or abused its discretion when it found that it would deny the Trustee's motion to modify even if the bankruptcy court did have authority to grant the motion.

### V.   CONCLUSION

The bankruptcy court did not err as a matter of law when it found that it did not have the authority to grant the Trustee's motion to modify.  The bankruptcy court's decision denying the Trustee's

motion to modify is AFFIRMED.   This case is closed.

ENTER:   September 30, 2015
FOR THE COURT:            s/ Sue E. Myerscough
                      SUE E. MYERSCOUGH
                  UNITED STATES DISTRICT JUDGE